USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/27/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADEBAMBO SHOMOYE,

                Plaintiff,

-against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendant.

20-CV-5225 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

      Plaintiff, proceeding *pro se*, brings this action alleging that Defendant U.S. Citizenship and Immigration Services (USCIS) has failed to reschedule his naturalization oath ceremony, which is the final step in the naturalization process. By order dated July 23, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant USCIS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for USCIS. The Clerk of Court is also instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; (2) issue a summons; and (3) deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on USCIS.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court shall serve a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to (1) complete the USM-285 forms with the address for USCIS; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue a summons; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   July 27, 2020
         New York, New York

_____
ANALISA TORRES
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

United States Citizenship and Immigration Services
Jacob K. Javits Federal Building
26 Federal Plaza 7-700
New York, NY 10278